IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Dawn Elizabeth Weimar dba Wolf Hauling LLC<br>　　　　　　Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>　　　　　　Movant<br>vs. | NO. 20-13637 MDC |
| Dawn Elizabeth Weimar dba Wolf Hauling LLC<br>　　　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence, 724 Wood Street, Bristol, PA 19007 (hereinafter referred to as "the Property") is **$4,226.77**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2020 to January 2021 at $1,059.95<br>February 2021 to March 2021 at $1,062.86 |
| Suspense Balance: | ($1,049.85) |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$4,226.77** |

2. The Debtor(s) shall cure said arrearages in the following manner:

   a) Debtor shall list the Property for sale with a real estate agent on or before April 1, 2021.

   b) Debtor shall pay Movant's claim in full, subject to a proper payoff quote at the time of closing, through the sale of the Property on or before August 15, 2021.

   c) Beginning on April 1, 2021, Debtor shall resume and maintain regular monthly post-petition payments to Movant pending the sale of the Property.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2(c) above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. In the event the events under Section 2(a) and/or 2(b) do not occur within the agreed upon deadline, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 16, 2021         By: /s/ Rebecca A. Solarz, Esquire
                                 Attorney for Movant

Date: Mar 30, 2021
                                 _____
                                 Jeffery A. Fournier
                                 Attorney for Debtor

No Objection

Date: March 30, 2021  /s/ LeeAne O Huggins
　　　　　　　　　　　　　　　William C. Miller, Esquire
　　　　　　　　　　　　　　　Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2021.  However, the court retains discretion regarding entry of any further order.


_____
Bankruptcy Judge
Magdeline D. Coleman